IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-mj-01019-CBS

UNITED STATES OF AMERICA

      Plaintiff,

v.

NICHOLAS L. RUDD

      Defendant.

---

## ORDER OF DETENTION

---

      THIS MATTER came before the Court for a detention hearing on February 18, 2014. Present were the following: Martha Paluch, Assistant United States Attorney, Robert Pepin, counsel for the defendant, and the defendant. The Court carefully considered the entire court file and the comments of counsel.

      The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant, based upon the attached findings.

      IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

      IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

      IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 20th day of February, 2014.

> By the Court:
>
> s/Craig B. Shaffer
> Craig B. Shaffer
> United States Magistrate Judge

United States v.  Nicholas L. Rudd
Case Number 14-mj-01019-CBS

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

Rule 40(a) of the Federal Rules of Criminal Procedure provides that if a person is arrested for violating conditions of release set in another district, that person shall be taken without unnecessary delay before the nearest federal magistrate judge.  That judge must conduct a preliminary hearing if required by Fed. R. Crim. P. 5.1 and must transfer the defendant to the district where the offense was allegedly committed if, *inter alia,*, the magistrate judge finds that the defendant is the same person named in the indictment, information or warrant issued in the district where the offense was allegedly committed.  Rule 40(c) further provides that the magistrate judge "may modify any previous release or detention order issued in another district, but must state in writing the reasons for doing so."

This matter comes before the court on an Arrest Warrant issued by the United States District Court for the District of Nebraska, along with a Petition for Warrant or Summons for Offender under Supervision.  During a hearing on February 18, 2014, the defendant knowingly and voluntarily waived his right to an identity hearing in the District of Colorado, but reserved his right to have that hearing upon his return to the District of Nebraska.  Based upon that waiver, this court signed an Order of Commitment directing the defendant's return to the District of Nebraska for further proceedings.

The Petition for Warrant or Summons for Offender under Supervision filed in the District of Nebraska alleges that the defendant was placed on supervision by the Honorable Joseph F. Bataillon, with mandatory and standard conditions of supervision, as well as special conditions that the defendant not purchase, possess, use or administer any alcohol, and that the defendant attend and successfully complete treatment and counseling for alcohol and substance abuse.

During a hearing on February 18, 2014, the defendant waived his right to a preliminary hearing under Rule 32.1 of the Federal of Criminal Procedure and a detention hearing in the District of Colorado, but reserved the right to have those proceedings upon his return to the District of Nebraska.  I granted the defendant's request to continue his preliminary hearing.  This court makes the following findings of fact and enters this detention order without prejudice to the defendant's right to move to reopen the detention hearing or to raise the issue of continued detention upon his return to the District of Nebraska.  *See* 18 U.S.C. § 3142(f)(2).  *Compare United States v. El Edwy*, 272 F.3d 149, 153 (2d Cir. 2001) (noting that the initial proceeding conducted in the district of arrest is designed to ensure that "the person receives the earliest opportunity to seek conditional release") and *United States v. Melendez-Carrion*, 790 F.2d 984, 990 (2d Cir. 1986) (observing that the "decision whether to seek detention and the evidence necessary to support a finding of dangerousness and risk of flight sufficient to justify detention will normally be located primarily in the district of prosecution").

Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community rests with the [defendant]."

In making my findings of fact, I have taken judicial notice of the information set forth in the Petition and the entire court file. Weighing all of the information presently before the court, I find the defendant has failed to sustain his burden under Rule 32.1. I specifically note the Petition alleges the defendant left the District of Nebraska without receiving prior permission from the district court or his supervising officer. It further appears the defendant terminated his short-term residential treatment for substance abuse prior to graduation and failed to complete substance abuse treatment in December 2013. The defendant was charged with a state law violation, shoplifting, on February 7, 2014. Given the defendant's apparent failure to comply with the conditions of supervised release imposed by the District of Nebraska, I find there is no combination of conditions that I could set that would properly assure the defendant's appearance at further proceedings in this case.